IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| WILLIE BURNETT SMITH, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21CV355–HEH |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**
**(Denying 28 U.S.C. § 2254 Petition)**

Willie Burnett Smith, Jr. ("Smith"), a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 4) challenging his conviction for second-degree murder in the Circuit Court for the City of Alexandria ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars Smith's § 2254 Petition. Respondent provided Smith with the appropriate *Roseboro* notice.[1] (ECF No. 12.) Smith has not responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 9) will be granted.

**I. PROCEDURAL HISTORY**

Following his conviction of second-degree murder in the Circuit Court, Smith appealed to the Court of Appeals of Virginia and then to the Supreme Court of Virginia.

---

[1] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

On April 19, 2018, the Supreme Court of Virginia refused Smith's petition for appeal. *Smith v. Commonwealth*, No. 171093, at 1 (Va. Apr. 19, 2018).

On April 22, 2019, Smith filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. (*See* ECF No. 11-2, at 1.)[2] On January 27, 2020, the Supreme Court of Virginia dismissed the petition. (*Id.* at 1, 7.) On May 14, 2020, the Supreme Court of Virginia denied Smith's petition for rehearing. (ECF No. 4-1 at 5.)

On May 26, 2020, this Court received a letter from Smith requesting an extension of time to file a federal habeas petition. (ECF No. 1 at 1.) Given the content of the letter, by Memorandum Order entered on June 21, 2021, the Court mailed Smith the forms for filing a 28 U.S.C. § 2254 petition. (ECF No. 2.) On July 7, 2021, Smith filed his § 2254 Petition with this Court.[3] (ECF No. 4 at 15.) In his § 2254 Petition, Smith contends that he is entitled to relief upon the following grounds:[4]

| | |
|---|---|
| Claim One | "Trial court errored by failing to recognize that subject matter jurisdiction in the false (arrest) unlawful w/no probable cause for [Maryland] courts and commissioner." (*Id.* at 5.) |

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system for the citations to the parties' submissions. The Court corrects the spelling, capitalization, and punctuation in the quotations from Smith's submissions.

[3] The Court deems the petition filed on the date Smith executed his request for federal habeas relief and placed it in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[4] At other points in his § 2254 Petition, Smith complained that counsel was ineffective as a means for explaining why he did not raise a particular claim at the appropriate time. (*See* ECF No. 4 at 5.) The Court does not read these remarks as stating independent ineffective assistance of counsel claims. Additionally, Smith attached to the § 2254 Petition a copy of a document that he apparently filed with the Supreme Court of Virginia. The Court is neither obliged nor inclined to scour that document for any claims that may be lurking therein.

2

| | |
|---|---|
| Claim Two | "There is no in–court identification of said petitioner." (*Id.* at 7.) |
| Claim Three | "Trial court erred by allowing (non-expert) witness to testify." (*Id.* at 8.) |
| Claim Four | "Motions to strike denied, no weapon, no motive established." (*Id.* at 10.) |

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement of the Statute of Limitations

Smith's judgment became final for the purposes of the AEDPA on Wednesday, July 18, 2018, when the time for filing a petition for a writ of certiorari with the Supreme Court of the United States expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." 28 U.S.C. § 2244(d)(1)(A)); Sup. Ct. R. 13(1). The limitation period began to run on July 19, 2018 and ran for 277 days before Smith filed his state petition for a writ of habeas corpus on April 22, 2019. *See* 28 U.S.C. § 2244(d)(2).

### B. Statutory Tolling

The statute of limitations was tolled until the Supreme Court of Virginia denied Smith's petition for rehearing on May 14, 2020. *See id.* The limitation then ran for over a year before Smith filed any document with this Court. Because the limitation ran for 695 days before Smith filed his § 2254 Petition, the statute of limitations bars Smith's § 2254 Petition unless Smith demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or some equitable basis for avoiding the limitation period.

4

C.  **Smith's Arguments for Timeliness**

Initially, Smith suggests that his § 2254 Petition is timely because he is challenging the subject matter jurisdiction of the Virginia courts. (ECF No. 4 at 13.) Contrary to Smith's suggestion, claims challenging a state court's subject matter jurisdiction are not exempt from the AEDPA's statute of limitations. *Wells v. Harry*, No. 17–1476, 2017 WL 9248730, at *2 (6th Cir. Nov. 15, 2017) ("There is no authority supporting [the petitioner's] argument that the AEDPA's statute of limitations does not apply where a petitioner asserts that the trial court lacked subject matter jurisdiction."); *accord Jones v. Virginia,* No. 3:14CV343–HEH, 2015 WL 4223270, at *4 (E.D. Va. July 10, 2015) (citing *Sherratt v. Friel*, 275 F. App'x 763, 765, 766 n.1 (10th Cir. 2008); *Franklin v. Stewart*, 13 F. App'x 605, 606–07 (9th Cir. 2001)).

Next, Smith contends that his § 2254 Petition is timely "due to Covid 19 pandemic, the institution . . . has been on constant lockdown, no access to law library or copier or even notary . . . ." (ECF No. 4 at 14.) Petitions under 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing

5

of diligence, the petitioner "must allege *with specificity* the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (emphasis added).[5]

Generally, "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Moreover, "[t]he word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999)).

---

[5] The diligence detailed by the petitioner in *Holland* stands in marked contrast to Smith's sparse allegations here. *See* 560 U.S. 635–44. Holland provided the courts with a detailed description of his efforts to pursue habeas relief. *See id.* From that description, the Supreme Court was able to conclude that Holland acted with sufficient diligence because:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the pursuit of his legal remedy—removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Id.* at 653.

Here, Smith complains that lack of access to a notary, copying services, and the law library prevented him from timely filing his § 2254 Petition. That is simply not so. Smith's § 2254 Petition did not need to be notarized, and in fact, the § 2254 Petition is not notarized. Smith was not required to attach copies of documents to his § 2254 Petition. Further, when provided with the forms for filing a 28 U.S.C. § 2254 petition, Smith was able to file the § 2254 Petition in less than a month. "Simply put, [Smith] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Accordingly, the Court rejects Smith's request to equitably toll the limitation period.

### III. CONCLUSION

Smith's Motion for Extension of Time to file a § 2254 Petition (ECF No. 3) will be denied. The Motion to Dismiss (ECF No. 9) will be granted. The Petition for a Writ of Habeas Corpus (ECF No. 4) will be denied. The action will be dismissed. A certificate of appealability is denied.

An appropriate Order shall issue.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct. 26, 2021
Richmond, Virginia