IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIE BURNETT SMITH, JR., )
)
    Petitioner, )
)
v. ) Civil Action No. 3:21CV355–HEH
)
WARDEN, )
)
    Respondent. )

### MEMORANDUM OPINION
### (Denying Motion to Amend)

Willie Burnett Smith, Jr. ("Smith"), a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 4) challenging his conviction for second-degree murder in the Circuit Court for the City of Alexandria ("Circuit Court"). By Memorandum Opinion and Order entered on October 26, 2021, the Court dismissed the § 2254 Petition as barred by the relevant statute of limitations. (ECF Nos. 13, 14.) On October 28, 2021, the Court received a Motion to Amend (ECF No. 15) from Smith. Because Smith filed his Motion to Amend within twenty-eight days of the October 26, 2021 Memorandum Opinion and Order, the Court construes the Motion to Amend as filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403

(4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

In his Rule 59(e) Motion, Smith seeks to respond to Respondent's Motion to Dismiss. However, the Rule 59(e) Motion fails to satisfy any of the above listed grounds for Rule 59(e) relief. Specifically, Smith fails to demonstrate that the dismissal of his § 2254 Petition as untimely was erroneous. Accordingly, the Rule 59(e) Motion (ECF No. 15) will be denied. A certificate of appealability will be denied.

An appropriate Order shall issue.

Date: Dec. 7, 2021
Richmond, Virginia

/s/
Henry E. Hudson
Senior United States District Judge